UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ROBERTS ENTERPRISES, INC., a Florida
corporation,

                Plaintiff,

v.                                          Case No.  5:04-cv-185-Oc-10GRJ

OLYMPIA SALES, INC.,

                Defendant.
_____

## ORDER

Pending before the Court is Defendant's Motion to Compel Discovery Responses (Doc. 42), to which Plaintiff has filed a Response in opposition.  (Doc. 51.) Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, Defendant requests the Court to compel the production of documents responsive to numbers 30 through 32 of Defendant's First Requests for Production and to compel production of un-redacted documents responsive to numbers 25 and 42, all of which Plaintiff has objected to producing.  For the following reasons, the Court concludes that Defendant's Motion is due to be **DENIED**.

First, as to request number 25, Defendant asks that the Court compel the production of un-redacted copies of the documents previously produced by Plaintiff. Defendant requested production of "[a]ll documents concerning the damage alleged to have been suffered by [Plaintiff] as a result of Defendant's alleged trademark infringement."  In response, Plaintiff partially objected and produced several pages of documents displaying numerical sales figures, but redacting all of the information

contained in columns labeled "School Name," "City," and "State". In response, Plaintiff states that they have now produced some 3,500 pages of records listing every one of their sales invoices from 1996 through 2004, with the name of each school and the amount of the sales un-redacted. The Court, therefore, concludes that Plaintiff has provided a sufficiently complete response to request number 25.

With regard to request number 30, Defendant asks that the Court compel the production of Plaintiff's state and federal income tax returns for the years from 1996 to 2004. Defendant contends that because Plaintiff has requested damages, it has put its finances in issue and cannot now object to producing income tax returns.

Other district courts have held that "[a]lthough tax returns are not privileged, there is a public policy against their disclosure unless (1) it clearly appears that they are relevant to the subject matter of the action, and (2) a compelling need is shown because the information contained therein is not otherwise available."[1] This two-part test is supported by the weight of precedent, as well as eminent reason. Therefore, the Court will apply this two-part test in determining whether Plaintiff's tax returns are discoverable.

While the tax returns are arguably relevant to this case, Defendant has failed to show that the information contained therein is not otherwise available. In fact, Plaintiff

---

[1] Dunkin' Donuts Inc. v. Mary's Donuts, Inc., No. 01-0392-CIV-GOLD, 2001 WL 34079319, at *2 (S.D. Fla. Nov. 1, 2001) (citing Cooper v. Hallgarten & Co., 34 F.R.D. 482, 483-84 (S.D.N.Y. 1964). See also Gettegno v. PriceWaterhouseCoopers, 205 F.R.D. 70, 71-72 (D. Conn. 2001) (concluding that application of the same two part test was appropriate, after detailed review and analysis of applicable Federal Rules of Evidence, United States Supreme Court and other federal court precedent, and tax legislation).

states that, because it has produced every sales invoice for the relevant years, as well as copies of the actual ledgers showing each transaction, all relevant information contained in the returns is already in the possession of Defendant. Thus, the production of the returns would serve only to disclose information that is irrelevant to the issues in this case. Because Defendant already possesses all relevant information contained in the income tax returns, the Court finds that there is no compelling need for their production and will not compel that production.

With regard to request number 31, Defendant requests the production of the Plaintiff's intangible tax returns. Defendant makes no argument as to how these returns may be relevant to the issues in this case, and the Court is unable to discern the relevance of Plaintiff's intangible property tax returns. Accordingly, the Court will not compel their production.

In request number 32, Defendant seeks production of all audited and unaudited financial statements. Originally, Plaintiff objected to this request in its entirety. However, Plaintiff states that, in the interim, it has provided all documents responsive to this request. Therefore, this request is moot.

Finally, with regard to request number 42, Plaintiff requests the production of un-redacted "Facts and Figures Annual Performance Reports" or similar documents for the years from 1996 to the present. In response, Plaintiff states that it has now forwarded to Defendant copies of the entire sets of Facts and Figures for 1996 through 2004.

Accordingly, as Plaintiff has confirmed that it has now provided all documents responsive to the request, the motion to compel is moot.

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, on April 28, 2005.

GARY R. JONES
United States Magistrate Judge

Copies to:
All Counsel